UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edward L. Brown,
     Petitioner

     v.                           Civil No. 08-cv-019-SM
                                      Opinion No. 2008 DNH 029
United States of America,
     Respondent

## O R D E R

Petitioner has filed a "motion to vacate, set aside or correct a sentence by persons in federal custody," . . . . After a jury trial, petitioner was convicted of structuring financial transactions to evade reporting requirements (18 U.S.C. §§ 5324(a)(3), 5325); conspiracy to structure financial transactions (18 U.S.C. § 371); and conspiracy to defraud the United States (18 U.S.C. § 371). He was sentenced, inter alia, to 63 months in prison and 3 years of supervised release on each count. Judgment was entered in accordance with the jury's verdicts and the sentence imposed, on April 24, 2007.

Petitioner filed a notice of appeal on January 28, 2007, before judgment entered, seeking direct review of his conviction. That appeal was rejected (and the filing fees returned) as untimely (premature). Petitioner's direct appeal was reinstated

by the court, however, on April 26, 2007, when it became timely, by operation of Fed. R. App. P. 4(b)(2).  The record was duly transmitted to the United States Court of Appeals for the First Circuit.  The Court of Appeals dismissed petitioner's appeal on October 10, 2007, due to his inexplicable failure to prosecute the appeal, thus rendering the judgment of conviction and sentence final.

Although petitioner has filed a motion seeking to "vacate, set aside or correct a sentence by persons in federal custody," employing the language of and invoking the substantive relief provided for under the provisions of 28 U.S.C. § 2255, he now emphatically denies that he intended to file a motion for relief under § 2255.  He says:

> As usual, the court misinterprets the motion.  Placed under civil case #08-cv-19-SM Edward-Lewis : Brown (sic), this motion is filed For Edward-Lewis and Elaine-Alice Brown.  Both parties husband and wife with same case, and is "absolutely not" a 2255 motion and is not to be construed as such.

Letter, dated January 26, 2008.

First, it must be noted that Defendant Elaine A. Brown has not signed the motion and Edward L. Brown is not qualified to act as her legal counsel.  The motion is deemed to be Edward A. Brown's alone.

2

Second, notwithstanding the substantive nature and form of the motion as one seeking relief under § 2255, because defendant affirmatively disavows any intent to file such a motion, and because treating it as such would adversely affect his rights under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, _et_ _seq_., given the Act's strict limitations on second or successive petitions, the court will accept defendant's dubious assertion.

While the relief defendant seeks — apparently vacation of his criminal convictions and sentence — is, in theory, available to him under 28 U.S.C. § 2255, defendant is not seeking relief under that section.  No further analysis or consideration under that provision, then, is required.  The motion, as a motion in his closed criminal case (proceedings under § 2255 are civil, not criminal, in nature), is denied as unsupported, unjustified, without merit, and frivolous.  Future motions of like kind in the closed criminal case will be summarily rejected or denied.

To the extent the motion might be construed as raising complaints about the conditions of his current confinement, defendant in advised that jurisdiction over those complaints properly lies in the federal district with jurisdiction over the

prisoner's custodian (generally the district in which the prisoner is incarcerated), and not in the sentencing court.  See 28 U.S.C. § 2241; See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999).

With respect to civil case no. 08-cv-19-SM, the clerk shall docket defendant's motion for relief in his criminal case (no. 06-cr-71-SM), noting its disposition on that docket, and shall close the civil case, noting that the motion was stricken, without prejudice, and refiled in the criminal case.

### Conclusion

The motion (document no. 1) is denied.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

February 1, 2008

cc:  Edward L. Brown, pro se
     Aixa Maldonado-Quinones, Esq.
     William E. Morse, Esq.